IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

PAUL D. MAZE,                          )
                                       )
        Plaintiff,                     )
                                       )
VS.                                    )          No. 14-1153-JDT-egb
                                       )
RANAE TERRELL, ET AL.,                 )
                                       )
        Defendants.                    )

_____

ORDER DENYING MOTION FOR RECONSIDERATION

_____

On July 1, 2014, Plaintiff Paul David Maze, who currently incarcerated at the Federal

Correctional Institution in Greenville, Illinois, filed a *pro se* complaint pursuant to 42 U.S.C.

§ 1983. (ECF No. 1.)  The Court issued an order on April 14, 2015, dismissing the complaint

*sua sponte* pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state

a claim on which relief may be granted and assessing a third strike under § 1915(g);

judgment was entered on April 16, 2015.  (ECF Nos. 28 & 29.)

Plaintiff filed a motion to alter or amend the judgment pursuant to Federal Rule of

Civil Procedure 59(e) on May 8, 2015.  (ECF No. 33.)  The Court denied the motion on May

11, 2015.  (ECF No. 34.)  On June 22, 2015, Plaintiff filed an amended motion for

reconsideration pursuant to Rules 59(e) and 60(b), for leave to amend the complaint and for

discovery (ECF No. 35), which was also denied (ECF No. 36).  A third motion to reconsider

and to amend was filed on August 3, 2015 (ECF No. 37), which was likewise denied on

August 4, 2015 (ECF No. 39).  On September 23, 2015, Plaintiff filed yet a fourth motion for reconsideration pursuant to Rules 59(e) and 60(b).  (ECF No. 42.)

Rule 59(e) is not intended to allow a party "to relitigate matters already decided by the Court." *Windsor v. A Federal Executive Agency*, 614 F. Supp. 1255, 1264 (M.D. Tenn. 1983), *aff'd*, 767 F.2d 923 (6th Cir. 1985).  Rather, the purpose of the rule "is to allow a district court to correct its own mistakes." *White v. New Hampshire Dep't of Emp't Sec.*, 455 U.S. 445, 450 (1982).  A motion to alter or amend the judgment may be granted if there is a clear error of law, newly discovered evidence, an intervening change in the controlling law, or to prevent manifest injustice.  *Graves v. Bowles*, 419 F. App'x 640, 646 (6th Cir. 2011); *ACLU of Ky. v. McCreary Cnty., Ky.*, 607 F.3d 439, 450 (6th Cir. 2010); *Henderson v. Walled Lake Consol. Sch.*, 469 F.3d 479, 496 (6th Cir. 2006); *Gencorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999).

Rule 60(b) provides:

> On motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial . . . ; (3) fraud . . . , misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, . . . ; or (6) any other reason that justifies relief.

Plaintiff appears to be relying on subsections (1) and (6) of Rule 60(b).  To the extent he asserts that the Court's ruling was legally deficient, a claim of legal error falls within the definition of "mistake" under Rule 60(b)(1).  *Cincinnati Ins. Co. v. Byers*, 151 F.3d 574, 578

(6th Cir. 1998); *Barrier v. Beaver*, 712 F.2d 231, 234 (6th Cir. 1983).  A motion under Rule 60(b)(1) is:

> intended to provide relief to a party in only two instances:  (1) when the party has made an excusable litigation mistake or an attorney in the litigation has acted without authority; or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order.

*Cacevic v. City of Hazel Park*, 226 F.3d 483, 490 (6th Cir. 2000) (quoting *Yapp v. Excel Corp.*, 186 F.3d 1222, 1231 (10th Cir. 1999)).  However, Rule 60(b) is not intended to allow relief from judgment merely because Plaintiff is unhappy with the outcome.  *See Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001).

Subsection (6) of Rule 60(b) authorizes relief only "in exceptional or extraordinary circumstances" that are not covered under subsections (1)-(5).  *See Pierce v. United Mine Workers of Am. Welfare and Retirement Fund for 1950 and 1974*, 770 F.2d 449, 451 (6th Cir. 1985).  "Exceptional circumstances" under Rule 60(b)(6) means "unusual and extreme situations where principles of equity *mandate* relief."  *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990).  Plaintiff's circumstances do not present the type of unusual or extreme situation justifying relief under Rule 60(b)(6).

Nothing in Plaintiff's September 23, 2015, filing justifies granting relief under either Rule 59(e) or 60(b).  Therefore, the motion for reconsideration is DENIED.  The Court again CERTIFIES that an appeal would not be taken in good faith.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE