IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

PAUL D. MAZE,                    )
                                 )
    Plaintiff,               )
                                 )
VS.                              )      No. 14-1153-JDT-egb
                                 )
RANAE TERRELL, ET AL.,           )
                                 )
    Defendants.              )

ORDER DENYING FIFTH MOTION FOR RELIEF FROM JUDGMENT

The *pro se* prisoner Plaintiff, Paul David Maze, who is currently incarcerated at the Federal Correctional Institution in Greenville, Illinois, has filed a fifth motion for relief from judgment (ECF No. 51) in this action that was brought pursuant to 42 U.S.C. § 1983. The case was dismissed *sua sponte* on April 14, 2015 (ECF No. 28) for failure to state a claim on which relief may be granted, and judgment was entered on April 16, 2015 (ECF No. 29).

Plaintiff filed a timely motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e) on May 8, 2015 (ECF No. 33), which the Court denied (ECF No. 34). Instead of filing an appeal, Plaintiff filed an second, "amended" motion for reconsideration (ECF No. 35) pursuant to Rules 59(e) and 60(b), which the Court also denied (ECF No. 36). A third motion to reconsider and to amend was filed on August 3, 2015 (ECF No. 37); the Court denied that motion on August 4, 2015 (ECF No. 39). Plaintiff's fourth

motion to reconsider was filed on September 23, 2015 (ECF No. 42) and denied on September 25, 2016 (ECF No. 43).

Plaintiff did not appeal any of the Court's denials of his motions to reconsider. However, he filed a petition for writ of mandamus in the Sixth Circuit Court of Appeals, which also was ultimately denied. *In re Maze*, No. 15-6394 (6th Cir. Mar. 16, 2016). Plaintiff's latest motion for relief from judgment, filed pursuant to Federal Rule of Civil Procedure 60(b), was filed on September 19, 2016, and includes numerous exhibits and a request for recusal of the undersigned judge.

Motions for recusal are governed by 28 U.S.C. § 144 and 28 U.S.C. § 455. Section 144 provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

In addition, § 455(a) provides that a judge shall be disqualified "in any proceeding in which his impartiality might reasonably be questioned." Circumstances under which a judge must be disqualified include:

> (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceedings;
> (2) Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;
> (3) Where he has served in governmental employment and in such capacity participated as counsel, adviser, or material witness concerning the

>
> proceeding or expressed an opinion concerning the merits of the particular case . . . ;
> (4) He knows that he . . . has a financial interest in the subject matter in controversy;
> (5) He or his spouse . . . :
>    (i) Is a party to the proceeding . . . ;
>    (ii) Is acting as a lawyer in the proceeding;
>    (iii) Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;
>    (iv) Is to the judge's knowledge likely to be a material witness in the proceeding.

*Id.* § 455(b).

A judge must be recused if, knowing all of the circumstances, a reasonable, objective person would question the judge's impartiality. *United States v. Sammons*, 918 F.2d 592, 599 (6th Cir. 1990). "The standard is an objective one; hence, the judge need not recuse himself based on the 'subjective view of a party' no matter how strongly that view is held." *Id.* (citation omitted). Bias sufficient to justify recusal must be personal, arising out of the judge's background, and not based on the judge's interpretation of the law. *Browning v. Foltz*, 837 F.2d 276, 279 (6th Cir. 1988). A judge's participation in the proceedings or prior contact with related cases cannot support a demand for recusal. *Sammons*, 918 F.2d at 599. Sections 144 and 455 are to be read *in pari materia* to require that disqualification be predicated upon extrajudicial conduct, rather than judicial conduct, and to require that the alleged bias and prejudice be personal rather than judicial.[1] *Ullmo ex rel. Ullmo v. Gilmour Acad.*, 273 F.3d 671, 681 (6th Cir. 2001); *United States v. Story*, 716 F.2d 1088, 1096 (6th

---

[1] The Supreme Court has held that § 455(b)'s "extrajudicial source" doctrine also applies to § 455(a). *Liteky v. United States*, 510 U.S. 540, 554-55 (1994).

Cir. 1983). A judge is presumed to be impartial, and a party seeking disqualification bears the burden of alleging facts that would lead a reasonable person to question the neutrality of the judge. *United States v. Adams*, 38 F.3d 1217, 1994 WL 589509 (6th Cir. 1994) (citing *Holt v. KMI Continental, Inc.*, 821 F. Supp. 846, 847 (D. Conn.1993)).

In this case, Plaintiff does not contend or offer any evidence of personal bias against him arising out of the background or extrajudicial conduct of this judge. Plaintiff attempts to manufacture bias, first by referring to negative statements he made about the undersigned in his madamus petition. However, many unsuccessful litigants make negative comments about the judge assigned to their case and, without more, that is not sufficient to require recusal. Plaintiff also claims that a conflict of interest exists because the U.S. Marshals Service has or had a contract to house federal pre-trial detainees at the Obion County Jail, where the events he complains of occurred. However, the undersigned has no involvement whatsoever with the decisions of the Marshals Service concerning where to house its pre-trial detainees. Finally, Plaintiff's assertions of racial bias are conclusory and completely unsupported. Therefore, the request for recusal is DENIED.

Federal Rule of Civil Procedure 60(b), which provides as follows:

(b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons:
   (1)    mistake, inadvertence, surprise, or excusable neglect;
   (2)    newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
   (3)    fraud . . . , misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;
(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

"Relief under Rule 60(b) is circumscribed by public policy favoring finality of judgments and termination of litigation." *Blue Diamond Coal Co. v. Trs. of UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001). For that reason, "the party seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence." *Sataym Computer Servs., Ltd. v. Venture Global Eng'g, LLC*, 323 F. App'x 421, 427 (6th Cir. 2009) (quoting *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008)).

Regardless of his continual insistence that the Court erred in dismissing this action and that he has new evidence justifying the re-opening of the case, there is nothing in Plaintiff's latest motion warranting relief from the judgment under any subsection of Rule 60(b). Therefore, the motion for relief from judgment is again DENIED.

The Court CERTIFIES that an appeal from this order would not be taken in good faith and DENIES leave to proceed *in forma pauperis*.

Plaintiff is warned that any further motions to reconsider, for relief from judgment, to amend or to re-open this case in any way will be summarily denied.

IT IS SO ORDERED.

  s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE